## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES HALL<br>PO Box 1050<br>Bristol, PA 19007<br><br>       Plaintiff,<br><br>  v.<br><br>GEMINI PLASTICS, INC.<br>7 Headly Place<br>Fallsington, PA 19054<br>    and<br>LABOR READY NORTHEAST, INC.<br>1015 "A" Street<br>Tacoma, WA 98402<br><br>       Defendants. | CIVIL ACTION<br><br>No.:<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Charles Hall, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I.  Introduction

1.      Plaintiff has initiated this action to redress violations by Gemini Plastics, Inc., and Labor Ready Northeast, Inc. (hereinafter referred to collectively as "Defendants") for violations of the Americans with Disabilities Act, as amended ("ADA" – 42 U.S.C. §§ 12101 *et seq.*) and applicable state law(s).[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff has filed a charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC") for violations by Defendants of the Pennsylvania Human Relations Act ("PHRA"). Plaintiff intends to amend the instant Complaint if and when such claims are administratively exhausted with the PHRC. Plaintiff's claims under the PHRA will mirror Plaintiff's federal claims as set forth herein.

## II.    Jurisdiction and Venue

2.    This action is initiated pursuant to federal law, the ADA. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3.    The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States.

4.    Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.    Plaintiff exhausted his administrative remedies because he timely filed Charges with the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC) and now files the instant lawsuit within ninety (90) days of receiving a right-to-sue letter from the EEOC.

## III.    Parties

6.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.    Plaintiff is an adult individual with an address as set forth above.

8.      Defendant Labor Ready Northeast, Inc. (hereinafter "Defendant Agency") is a multinational staffing agency with locations throughout North America.

9.      Defendant Gemini Plastics, Inc. (hereinafter "Defendant Gemini") is a business entity headquartered at the above-captioned address which engages in the business of creating injection molded plastic products.

10.     Plaintiff was staffed by Defendant Agency to Defendant Gemini.

11.     Upon information and belief, Defendants exercised joint control over Plaintiff, jointly managed Plaintiff, and required Plaintiff to abide by all of their respective policies, as Defendant Agency staffed him to Defendant Gemini (where he physically worked and was supervised daily). These entities should be properly considered joint, single and/or integrated employers of Plaintiff.

12.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

## IV.   **Factual Background**

13.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14.     Plaintiff is a 53-year-old man.

15.     Plaintiff suffers from various health conditions that amount to disabilities under state and federal law including but not limited to diabetes.

16.     Plaintiff's aforementioned health conditions substantially limit his ability to, at times, regulate his blood sugar, perform strenuous physical activity, and other life activities.[2]

---

[2] The foregoing paragraph only provides illustrative examples and is not an exhaustive list of Plaintiff's limitations.

17.     For example, Plaintiff had a toe amputated as a result of his aforementioned disabilities in or about March of 2015.

18.     Plaintiff's physician directed Plaintiff to wear a walking boot following the aforementioned amputation.

19.     Plaintiff was assigned by Defendant Agency to Defendant Gemini in or about June of 2015.

20.     At the time that Plaintiff was staffed to Defendant Gemini, Plaintiff's physician had told Plaintiff that he was permitted to wear sneakers if necessary, but to try and wear his walking boot as often as possible to keep pressure off of his foot.

21.     Plaintiff reported to his first day of work for Defendant Gemini wearing sneakers.

22.     Within a few days of Plaintiff's first day of work for Defendant Gemini, Plaintiff explained his doctor's instruction to a member of Defendant's management named James W. (full last name unknown) and asked if he could be permitted to wear the walking boot (a reasonable accommodation).

23.     James told Plaintiff that he didn't see a problem with Plaintiff wearing the walking boot as other employees had worn sandals to work without issue.

24.     Plaintiff wore his walking boot while working for Defendants for approximately 2.5 months without issue and performed his job well.

25.     Plaintiff's direct supervisor, one Timothy Keenan, even asked Plaintiff about his walking boot, asked Plaintiff what happened, but never expressed any concerns with Plaintiff wearing the boot.

26.     On or about August 25, 2015, one of Defendant Gemini's Production Assistants, one Michelle Baker (hereinafter "Baker"), told Plaintiff that he was not allowed to wear his walking boot while working.

27.     Plaintiff explained to Baker that he had been wearing the walking boot for months without issue, that he was able to wear sneakers if necessary, that he could change into his sneakers immediately, and that other employees often wore sandals.

28.     Despite Plaintiff's offer to change into sneakers, Baker sent Plaintiff home from work and told him that he was not permitted to return without a doctor's note that cleared him to return to work without wearing his walking boot and that he needed to provide such note to Defendant Agency.

29.     Plaintiff went to his physician on or about August 25, 2015 (later on in the same day that he was sent home from work) and obtained a note confirming that he could return to work in his regular sneakers.

30.     Plaintiff went to Defendant Agency with his aforementioned doctor's note and met with one Ivan (last name unknown).

31.     Plaintiff presented the aforementioned doctor's note to Ivan and explained what Baker had told him earlier that day.

32.     Ivan told Plaintiff that Baker had said that Plaintiff was not welcome to return to Defendant Gemini because she believed that Plaintiff's health problems could cause him to fall or injure himself.

33.     Ivan made clear to Plaintiff was being put on the "do not return" list for Defendant Gemini, effectively terminating Plaintiff's employment.

34.     Plaintiff's assignment with Defendant Gemini was terminated because of Plaintiff's health conditions, because Plaintiff was not properly accommodated, and/or in retaliation for Plaintiff requesting/utilizing accommodations.

35.     These actions as aforesaid constitute violations of the ADA.

**Count I**
**Violations of the Americans with Disabilities Act ("ADA," as amended)**
**[1] Discrimination; [2] Failure to Accommodate; [3] Retaliation**
**- Against All Defendants -**

36.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37.     Plaintiff has and continues to suffer from qualifying disabilities under the ADA, which, on occasion, limit his daily life activities (as set forth, *supra*) and resulted in the amputation of his toe.

38.     During Plaintiff's employment with Defendants, Plaintiff requested reasonable accommodations from Defendants' management (including but not limited to being permitted to wear a walking boot while working).

39.     Plaintiff was accommodated for approximately 2.5 months without issue.

40.     Plaintiff seeks relief herein for both his termination and Defendants' failure to accommodate him because such actions by Defendants were motivated by Plaintiff's: (1) known or perceived health problems; (2) record of health conditions; and/or (3) due to Plaintiff's requests for and/or use of reasonable accommodations.

41.     Not only did Defendants commit the foregoing specified acts of retaliation and/or discrimination, Defendants specifically failed to accommodate Plaintiff as Plaintiff's accommodation request(s) was very reasonable and not an undue burden.

42.     These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A.       Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom(s) of discriminating against employees based on their disabilities, and are to be ordered to promulgate an effective policy against such discrimination/retaliation/interference and to adhere thereto;

B.       Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered the aforesaid unlawful actions at the hands of Defendants until the date of verdict (including reinstatement where appropriate);

C.       Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their wilful, deliberate, malicious and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

D.       Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited emotional distress damages);

E.       Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.       Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

G.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By:    _____
       Ari R. Karpf
       3331 Street Road
       Two Greenwood Square
       Suite 128
       Bensalem, PA 19020

Dated: March 22, 2016

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CHARLES HALL | : | CIVIL ACTION |
| v. | : | |
| GEMINI PLASTICS, INC., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                 (X )

| | | |
|---|---|---|
| 3/22/2016 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: PO Box 1050, Bristol, PA 19007

Address of Defendant: 7 Heidly Place, Fallsington, PA 19054; 1015 "A" Street, Tacoma, WA 98402

Place of Accident, Incident or Transaction: Defendants places of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☐

**CIVIL: (Place ✔ in ONE CATEGORY ONLY)**

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 3/22/2016 _____ Attorney-at-Law ARK2484 Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/22/2016 _____ Attorney-at-Law ARK2484 Attorney I.D.# 91538

CIV. 609 (5/2012)

*JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| HALL, CHARLES | GEMINI PLASTICS, INC., et al. |
| (b) County of Residence of First Listed Plaintiff   Bucks | County of Residence of First Listed Defendant   Bucks |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, Telephone Number and Email Address) | |
| Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☒ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans w/Disabilities Act "ADA" (42USC12101)
Brief description of cause:
Violations of the ADA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____     DOCKET NUMBER _____

Explanation:

3/22/2016
DATE

SIGNATURE OF ATTORNEY OF RECORD

| Print | Save As... | Export as PDF | Retrieve PDF File | Reset |