**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARLES HALL, | : |
| | : CIVIL ACTION NO. 2:16-cv-01307-ER |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| GEMINI PLASTICS, INC. and LABOR | : |
| READY NORTHEAST, INC., | : |
| | : |
| Defendants. | : |
| | : |

**ANSWER, AFFIRMATIVE DEFENSES AND CROSSCLAIM**

Defendant Gemini Plastics, Inc. (hereinafter "Gemini Plastics"), by its undersigned

counsel, for its Answer to the Complaint filed herein, states as follows:

**I.  Introduction**

1.      Admitted in part and denied in part.  It is admitted that Plaintiff has initiated the

within action.  Gemini Plastics specifically denies it violated the Americans with Disabilities

Act, as amended ("ADA" – 42 U.S.C. §§12101 *et seq.*) or applicable state laws, and further

denies that Plaintiff is entitled to damages.

**II.  Jurisdiction and Venue**

2.      Admitted on behalf of Gemini Plastics for jurisdictional purposes only.

3.      Admitted on behalf of Gemini Plastics for jurisdictional purposes only.

4.      Admitted on behalf of Gemini Plastics for venue purposes only.

5.      Admitted on behalf of Gemini Plastics for jurisdictional purposes only.

### III.  Parties

6.      Defendant Gemini Plastics incorporates by reference its answers to paragraphs 1 through 5 above as though fully set forth herein at length.

7.      Denied, except it is admitted that Plaintiff is an adult individual.

8.      Denied.  Defendant Gemini Plastics is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore, denies said allegations.

9.      Admitted.

10.     Denied.  Defendant Gemini Plastics is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore, denies said allegations.

11.     Denied.

12.     Denied.

### IV.  Factual Background

13.     Defendant Gemini Plastics incorporates by reference its answers to paragraphs 1 through 12 above as though fully set forth herein at length.

14.     Admitted in part and denied in part.  It is admitted that Plaintiff is male.  As to the remaining allegations of paragraph 14, the same are denied as Gemini Plastics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 and therefore, denies said allegations.

15.     Denied.  Defendant Gemini Plastics is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore, denies said allegations.

16.     Denied.  Defendant Gemini Plastics is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore, denies said allegations.

17.     Denied.  Defendant Gemini Plastics is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore, denies said allegations.

18.     Denied.  Defendant Gemini Plastics is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore, denies said allegations.

19.     Denied.  Defendant Gemini Plastics is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore, denies said allegations.

20.     Denied.  Defendant Gemini Plastics is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore, denies said allegations.

21.     Denied.  Defendant Gemini Plastics is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore, denies said allegations.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.  Defendant Gemini Plastics is without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore, denies

said allegations.

30.     Denied.  Defendant Gemini Plastics is without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore, denies

said allegations.

31.     Denied.  Defendant Gemini Plastics is without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore, denies

said allegations.

32.     Denied.  Defendant Gemini Plastics is without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore, denies

said allegations.

33.     Denied.  Defendant Gemini Plastics is without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore, denies

said allegations.

34.     Denied.

35.     Denied.

## Count I

36.     Defendant Gemini Plastics incorporates by reference its answers to paragraphs 1

through 35 above as though fully set forth herein at length.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has presented no evidence, either direct or circumstantial, of any discriminatory activity on the part of Defendant Gemini Plastics.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous and so devoid of any merit that they entitle Defendant Gemini Plastics to reimbursement of all attorneys' fees and costs for being required to defend such frivolous claims.

### FOURTH AFFIRMATIVE DEFENSE

Defendant Gemini Plastics has at all times acted in accordance with the terms and provisions of the Americans with Disabilities Act, 29 U.S.C., §2601, *et seq.*

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant Gemini Plastics acted in good faith and did not violate any rights that may be secured to Plaintiff under any federal, state or local laws, rules or regulations.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Gemini Plastics' actions with respect to Plaintiff were taken for legitimate, non-discriminatory, and non-retaliatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not a disabled person within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 *et seq.*

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not qualified to perform the essential functions of his job, with or without reasonable accommodation.

## NINTH AFFIRMATIVE DEFENSE

Defendant Gemini Plastics did not discriminate and/or retaliate against Plaintiff for any reason including, but not limited to, disability.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are time barred, in whole or in part, by the applicable statute of limitations and Plaintiff's failure to exhaust all administrative remedies in a timely manner.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the defense of consent.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of laches and/or estoppel and/or waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not subjected to any discrimination by Defendant Gemini Plastics.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant Gemini Plastics did not fail to accommodate Plaintiff

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not subjected to any retaliation by Defendant Gemini Plastics.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant Gemini Plastics at all times acted in good faith toward Plaintiff with

reasonable belief that its actions complied with state and federal laws, and at no time willfully

violated any of the laws pursuant to which Plaintiff brings the instant action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction**.**

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by payment.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by release.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff is not entitled to the damages sought in his

Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to mitigate damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, any such award is barred on the grounds that it would be against public policy.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, said claim is in contravention of Defendant's  rights under each of the following provisions:  (a) the Commerce Clause of Article 1, Section 8 of the United States Constitution; (b) the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution; (c) the Equal Protection of the laws afforded by the Fourteenth Amendment to the United States Constitution; (d) the Constitutional prohibition against vague and overbroad laws; and (e) the corresponding provisions under the Constitution of the Commonwealth of Pennsylvania.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees because Plaintiff has no valid cause of action against Defendant Gemini Plastics.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant Gemini Plastics reserves the right to supplement these Affirmative Defenses based upon information that may become available through discovery and investigation.

### CROSSCLAIM

1.      Defendant Gemini Plastics incorporates herein its Answer to Plaintiff's Complaint with Affirmative Defenses as though fully set forth herein at length.

2.      Defendant Gemini Plastics asserts a crossclaim against Defendant Labor Ready Northeast, Inc. (hereinafter "Labor Ready"), and hereby incorporates the allegations of Plaintiff's

8

Complaint against Defendant Labor Ready, as if the same were set forth herein at length but without adoption thereof.

3.      Any damages, injuries or losses that Plaintiff claims to have sustained, the truth of which is specifically denied, are solely attributable to the acts and/or omissions of Defendant Labor Ready.

4.      In the event that any of Plaintiff's allegations against Defendant Gemini Plastics are proven at trial, all such allegations being specifically denied, Defendant Gemini Plastics asserts that Defendant Labor Ready is solely liable to Plaintiff.

5.      Alternatively, in the event that any of Plaintiff's allegations against Defendant Gemini Plastics are proven at trial, all such allegations being specifically denied, Defendant Gemini Plastics asserts that Defendant Labor Ready is jointly and severally liable to Plaintiff and Defendant Gemini Plastics is entitled to indemnification or contribution from Defendant Labor Ready.

WHEREFORE, Defendant Gemini Plastics, Inc. hereby demands judgment in its favor and against Plaintiff and/or Defendant Labor Ready Northeast, Inc., together with costs and attorneys' fees.

_s/ Veronica Saltz Turner_
Veronica Saltz Turner, Esquire
Wendy Lappin Barragree, Esquire
Attorney I.D. Nos. 52931/80465
CHAMBERLAIN, HRDLICKA,
WHITE, WILLIAMS & AUGHTRY
300 Conshohocken State Road, Suite 570
West Conshohocken, PA  19428
(610) 772-2300
vsaltz@chamberlainlaw.com
wbarragree@chamberlainlaw.com

Attorneys for Defendant
Dated:  June 6, 2016                           Gemini Plastics, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I, Veronica Saltz Turner, Esquire, attorney for Defendant Gemini Plastics, Inc., do hereby

certify that on June 6, 2016, I caused a true and correct copy of the foregoing *Answer,*

*Affirmative Defenses and Crossclaim* to be filed via the Official Court Electronic Document

Filing System, and that said document is therefore available for viewing and downloading from

the ECF system.  By virtue of this filing, service upon the following counsel, being an Electronic

Case Filing User, is complete upon counsel's receipt of the Court's e-mail notification of the

Notice of Electronic Filing.


Ari Risson Karpf, Esquire
Timothy S. Seiler, Esquire
Karpf, Karpf & Cerutti, P.C.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA  19020
*Attorneys for Plaintiff*

Michael R. Miller, Esquire
Margolis Edelstein
170 S. Independence Mall West, Suite 400E
Philadelphia, PA  19106-3337
*Attorney for Defendant Labor Ready Northeast, Inc.*


*s/Veronica Saltz Turner*
Veronica Saltz Turner, Esquire